UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| United States of America, | : | |
|---|---|---|
| | : | |
| v. | : | Case No. 2:12-CR-12-04 |
| | : | |
| Melvin Hill, | : | |
| | : | |
| Defendant. | : | |

OPINION AND ORDER
(Docs. 222, 225, 233, 249)

Melvin Hill, proceeding *pro se*, moves pursuant to Federal Rule of Criminal Procedure 41(g) for the return of property seized by federal agents during two criminal arrests, namely: $2,200.00 in cash seized on February 13, 2012 (Docs. 222 and 233) and "approximately" $1,100.00 in cash seized on May 7, 2012 (Doc. 225.) In the alternative, Hill moves pursuant to 18 U.S.C. § 983(e) to set aside a declaration of forfeiture regarding the currency seized in February 2012 (Doc. 249.) Hill's criminal case has resolved to judgment, and therefore, the Court construes Hill's motions as civil actions in equity. *See Diaz v. United States*, 517 F.3d 608, 610 (2d Cir. 2008) ("A Rule 41(g) motion that is brought after the criminal proceeding is over is treated as a civil equitable action"). For the reasons

set forth below, Hill's motion for the return of seized property ($2200) (Doc. 222 and 233) is DENIED, and the motion for the return of seized property ($1100)(Doc. 225) is GRANTED in part and DENIED in part. The Court declines to rule on the motion to set aside a declaration of forfeiture (Doc. 249) at this time.

## Factual Background

On February 13, 2012, Detective Daniel Merchand of the Burlington Police Department executed a search warrant of Room 229 at the Anchorage Inn in Burlington, Vermont with the assistance of federal law enforcement officers (Doc. 222 at 1). Hill alleges that law enforcement found him inside, searched his person, and illegally seized approximately $2,200. *Id.* at 1-2. Law enforcement expressed their interest in engaging Hill as a confidential informant, returned $200.00 of the seized currency to allow Hill to pay for the hotel room, and released him without immediately filing charges (Doc. 222 at 2, Doc. 247 at 2, and Doc. 249 at 1.)

Through Forfeiture Counsel, Vicki L. Rashid, the Government alleges that on March 12, 2012, the Drug Enforcement Administration (DEA) sent written notice of the

February 2012 seizure by certified mail to each of three separate addresses: (1) Room 229 of the Anchorage Inn in South Burlington, the room where Hill was arrested; (2) an address in Tignall, Georgia; and (3) an address in Newport News, Virginia (Doc. 247-1 at 3.)  The notices sent to the Anchorage Inn and to the Virginia address were returned to DEA undelivered.  *Id*.

On March 14, 2012, DEA received a return receipt indicating that an individual signed to accept delivery of the notice sent to the Georgia address.  *Id*.  DEA then published notice of the seizure in the *Wall Street Journal* one day per week for three successive weeks: March 26, April 2, and April 9, 2012. *Id.* at 4.  Hill alleges he did not receive any written notice of the seizure, and that his father, Melvin Hill, Sr., was the individual who signed for the notice sent to the Georgia address (Doc. 249 at 2.)

On April 19, 2012, this Court issued an arrest warrant for Hill (Doc. 19.)  On May 7, 2012, law enforcement arrested Hill at the Quality Inn in South Burlington, Vermont and seized "approximately eleven hundred in cash" found on his person (Doc. 225 at 1 and Doc. 247 at 2.)  Hill was detained pending trial (Doc. 46.)  After pleading guilty to one count of conspiracy to distribute cocaine base (21

3

U.S.C. §§ 846, 841(a)(1), 841(b)(1)(B)), he was sentenced to seventy months in prison (Doc. 166.)

Discussion

I. February 2012 Seizure

On August 6, 2013, Hill moved pursuant to Rule 41(g) for the return of the currency seized during the February 2012 arrest ("February 2012 seizure")(Doc. 222.)[1]  Hill alleges that the currency was illegally seized, and he did not receive notice of the seizure with sufficient time to challenge forfeiture.  *Id*. at 2.  Hill requests the return of $2,200.00, plus interest, and demands a total sum of $2,400.  *Id* at 5.  However, Hill concedes in response to the Government's opposition that law enforcement returned $200.00 at the time of his arrest (Doc. 249.)  Therefore, the Court finds that the amount of currency in question for purposes of Hill's motions regarding the February 2012 seizure is $2,000.00.

In opposition, the Government argues DEA properly effected an administrative forfeiture of the seized currency

---

[1] On December 3, 2013, Hill filed a second motion regarding the February 2012 seizure (Doc. 233) that appears to be a complete copy of the initial motion regarding the February 2012 seizure (Doc. 222) with some minor handwritten changes.  The Court construes these two motions as one-and-the-same.

4

in accordance with 18 U.S.C. § 983 and 19 U.S.C. § 1607, and Hill's claim is barred by the doctrine of sovereign immunity (Doc. 247 at 3-5.) On January 21, 2014, in conjunction with his response to the Government's opposition, Hill moved to set aside the civil forfeiture of the February 2012 seizure pursuant to 18 U.S.C. § 983(e). (Doc. 249.)

    a.   <u>Sovereign Immunity</u>

The Government argues that Hill's claims regarding the February 2012 seizure are barred by sovereign immunity. After DEA noticed the seizure and Hill failed to file a claim within the statutory period,[2] DEA issued a declaration of forfeiture on May 29, 2012 and re-distributed the funds (Doc. 247-1, Exhibits 2 and 8.) The Government argues that because DEA no longer physically possesses the currency, the doctrine of sovereign immunity bars any claim that would, in effect, seek compensation from the Treasury (Doc. 247 at 3-5.)

The doctrine of sovereign immunity provides "that the United States may be sued without its consent and that the

---

[2] "Any person claiming property seized in a nonjudicial civil forfeiture proceeding under a civil forfeiture statute may file a claim with the appropriate official after the seizure...(B)...not later than 30 days after the date of final publication of notice of seizure." 18 U.S.C. § 983 (a)(2).

existence of consent is a prerequisite for jurisdiction."
*United States v. Mitchell*, 463 U.S. 206, 212 (1983).
"[W]aivers of sovereign immunity must be 'unequivocally expressed' in statutory text, and cannot simply be implied." *Adeleke v. United States*, 355 F.3d 144, 150 (2d Cir. 2004) (quoting *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33 (1992)). "A suit for payment of funds from the Treasury is quite different from a suit for the return of tangible property." *Id*. (internal quotation marks and citations omitted). Therefore, "consent to be sued for the latter form of relief does not imply its consent to be sued for the former. . . ." *Id*. Hill seeks relief on two separate grounds, and therefore, the Court will address the applicability of the Government's sovereign immunity argument with respect to each.

    b.   <u>Rule 41(g)Motion for Return of Seized Property</u>

Hill brings his first motion pursuant to Rule 41(g) (Docs. 222 and 233.) Rule 41(g) provides that "[a] person aggrieved by... the deprivation of property may move for the property's return" by filing a motion "in the district where the property was seized." Fed. R. Crim. P. 41(g). This Court retains subject matter jurisdiction to hear Rule 41(g) motions once a civil or administrative forfeiture proceeding

6

is complete regardless of whether a motion is filed after the criminal proceedings. *Diaz v. United States*, 517 F.3d 608, 611 (2d Cir. 2008) (citations omitted); *see also United States v. McGlory*, 202 F.3d 664, 670 (3d Cir. 2000) (en banc)(district court retains jurisdiction, "notwithstanding that the claim was styled as a Rule 41(g) motion and filed after criminal proceedings had been completed.")

However, when "for whatever reason" the property sought is no longer physically available, the doctrine of sovereign immunity bars "actions for money damages relating to such property." *Adeleke v. United States*, 355 F.3d 144, 151 (2d Cir. 2004). As such, the Second Circuit has held that claims for seized currency pursuant to Rule 41(g) are barred where the Government has already disbursed the funds. *See Diaz*, 517 F.3d at 612 ("if the property is no longer available, sovereign immunity bars the claimant from seeking compensation").[3] Therefore, because DEA has already

---

[3] In *Diaz*, the Second Circuit does suggest that a *pro se* claim brought pursuant to Rule 41(g) would not be barred by the doctrine of sovereign immunity if construed as a Federal Tort Claims Act (FTCA) claim "for injury or loss of goods or property in law enforcement custody" under 28 U.S.C. § 2680(c)(1)-(4). *See Diaz*, 517 F.3d at 613. However, Hill's claim cannot satisfy the first statutory element of an FTCA claim, that "the property was seized *for the purpose of forfeiture*. . . ." 28 U.S.C. § 2680(c)(1); *see also Akeem v. United States*, 854 F. Supp. 2d 289, 296 (E.D.N.Y. 2012) (Rule 41(g)claim regarding property seized

7

declared forfeiture and disbursed the $2,000.00 seized in February 2012, Hill is barred from seeking what would amount to compensation for the seized funds pursuant to Rule 41(g). Hill's Rule 41(g) motion for return of seized property ($2200) regarding the February 2012 seizure (Docs. 222 and 233) is DENIED.

    c.    <u>Motion to Set Aside Declaration of Civil Forfeiture Pursuant to 18 U.S.C. § 983 (e)</u>

Hill's second motion alleges that he did not receive notice of the February 2012 seizure, and therefore, he is entitled to have the DEA's declaration of forfeiture set aside pursuant to 18 U.S.C. § 983(e). The Government argues that DEA properly seized the $2000.00 pursuant to 21 U.S.C. § 881, that it observed the statutory administrative forfeiture requirements, and that Hill cannot show defective notice (Doc. 247 at 5-6.) Hill's claim implicates both statutory rights (18 U.S.C. § 983 and 19 U.S.C. §§ 1607 and 1609) as well as his constitutional rights under the Due Process clause of the Fifth Amendment. *See Akeem*, 854 F. Supp. 2d at 297.

---

incident to arrest cannot establish FTCA claim where no evidence to suggest property was taken for purpose of forfeiture). Therefore, Hill's claim would also fail if read as an FTCA claim.

DEA alleges that it seized Hill's currency pursuant to 21 U.S.C. § 881.[4] The Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), Pub. L. No. 106-185, 114 Stat. 202, *codified in part at* 18 U.S.C. § 983, governs judicial and nonjudicial forfeiture actions initiated after August 23, 2000. *See* 18 U.S.C. § 983 (rules governing forfeiture proceedings); Pub. L. No. 106-185, 114 Stat 202, § 21, 8 U.S.C. § 1324 (effective date). *See also* 18 U.S.C. 983(I) (defining "civil forfeiture statute").

For property worth less than $500,000 DEA concurrently utilizes the administrative forfeiture provisions set forth at 19 U.S.C. § 1607(a). To commence an administrative forfeiture, the agency seeking forfeiture must comply with the notice requirements set forth at 18 U.S.C. § 983 and 19 U.S.C. §§ 1607 and 1609. *See also* 21 U.S.C. § 881(d)(authorizing use of forfeiture provisions relating to violation of customs laws "insofar as applicable and not inconsistent" with Title 21).

First, "the Government is required to send written

---

[4] 21 U.S.C. § 881(a)(6) provides that "[a]ll moneys...furnished or intended to be furnished by any person in exchange for a controlled substance...all proceeds traceable to such an exchange, and all moneys...used or intended to be used to facilitate any violation of the [Drug Abuse Prevention Act]" are subject to forfeiture to the United States.

9

notice to interested parties, such notice to be sent in a manner to achieve proper notice as soon as practicable, and in no case more than 60 days after the date of the seizure." 18 U.S.C. § 983(a)(1)(A)(I); *see also* 19 U.S.C. § 1607(a) ("Written notice of seizure together with information on the applicable procedures shall be sent to each party who appears to have an interest in the seized article").

Next, the agency seeking forfeiture "shall cause a notice of the seizure of such articles and the intention to forfeit and sell or otherwise dispose of the same. . .to be published for at least three successive weeks. . . ." 19 U.S.C. § 1607(a). If the interested party fails to file a claim within thirty days, the agency seeking forfeiture may declare the property administratively forfeited. *See* 19 U.S.C. § 1609 (a) (providing for declaration) and 18 U.S.C. § 983(a)(2)(B)(providing claims period).

18 U.S.C. § 983(e) provides "the *exclusive* remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute." 18 U.S.C. § 983(e)(5). Section 983(e) constitutes an express waiver of sovereign immunity for purposes of notice-based challenges to executed forfeitures. *See United States v. Pickett*, No. 07-CR-117, 2012 WL 694712 at *2 (E.D.N.Y. Mar. 1, 2012); *McKinney v.*

*United States Dept. Of Justice Drug Enforcement Admin.*, 580 F. Supp 2d 1, 3-4 (D.D.C. 2008) ("[O]nce an administrative declaration of forfeiture has been issued under the CAFRA, the United States has unequivocally expressed its consent to be sued only under §983(e)(1)"). Therefore, unlike Hill's Rule 41(b) motion, the Government's sovereign immunity defense does not apply to Hill's §983(e) motion challenging notice.[5]

Section 983(e) provides as follows:

> any person entitled to written notice in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute who does not receive such notice may file a motion to set aside a declaration of forfeiture with respect to that person's interest in the property, which motion shall be granted if–
> (A) the Government knew, or reasonably should have known, of the moving party's interest and failed to take reasonable steps to provide such moving party with notice; and
> (B) the moving party did not know or have reason to know of the seizure within sufficient time to file a timely claim.

18 U.S.C. § 983 (e)(1)(A)-(B). If a motion to set aside a

---

[5]Section 983(e), however, does not supply jurisdiction to review the merits of the completed forfeiture or to address Hill's argument that the currency was illegally seized. *See United States v. Pickett*, No. 07-CR-117, 2011 WL 3876974 at *2 (E.D.N.Y. Sept. 1, 2011) (declining to consider objections to completed forfeiture alleging lack of probable cause).

declaration of forfeiture is granted, the declaration must be set aside "without prejudice to the right of the Government to commence a subsequent forfeiture proceeding as to the interest of the moving party." 18 U.S.C. § 983(e)(2).

Due Process under the Constitution also requires that notice of forfeiture be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Dusenbury v. United States*, 534 U.S. 161, 170 (2002); *accord Alli-Balogun v. United States*, 281 F.3d 362, 369 (2d Cir. 2002).

The Government argues, based upon the certified mail return receipt sent to the Tignall, Georgia address, that, "Hill received notice at his Georgia address, as reflected by his signature" (Doc. 247 at 5 and Doc. 247-1, Exhibit 4). However, Hill alleges that his father, Melvin Hill, Sr. resides at the Georgia address, and it was Hill Sr., not Hill himself, who signed for the notice (Doc. 248 at 2.) Notice to the elder Hill does not constitute notice to the movant Hill without additional facts.

The notice delivered to the elder Hill, taken together with the two returned notices mailed the same day do not necessarily constitute insufficient notice. Hill alleges

that the addresses used were "temporary, well over 10 years old, and were various places the defendant lived during his service in the United States Army" (Doc. 249 at 2.) Further, he claims that the hotel in South Burlington, where one of the notices was sent is "not a permanent address" *Id*.

Where "the agency fails to take steps to locate [the movant] in order to effectuate delivery of the notice," or otherwise knows the movant's location, an undelivered notice does not satisfy the requirements of § 1607. *Torres v. $36,256.80 U.S. Currency*, 25 F.3d 1154, 1161 (2d Cir. 1994). *See also, Taft v. United States*, 824 F. Supp. 455, 465 (D.Vt. 1993) ("it must be determined whether DEA know or should have known" movant did not reside at the address used). Likewise, the Government cannot rest upon the publication of notice alone. *Robinson v. Hanrahan*, 409 U.S. 38, 40 (1972) ("[n]otice by publication is not sufficient with respect to an individual whose name and address are known or easily ascertainable.")

At present, the Court lacks the information necessary to evaluate whether the Government failed to take reasonable steps to provide Hill with notice of the seizure. The Court cannot discern from the affidavit provided by Ms. Rashid how the three addresses the DEA used were selected or whether

13

the Government might have used a different address. Therefore, the Court will hold the matter open. The parties shall submit supplemental briefing, with accompanying affidavits, on the issue of whether the Government took reasonable steps to provide Hill with notice of the seizure and whether the notices sent by DEA were reasonably calculated under all the circumstances to apprise Hill of the seizure.

With respect to the Government's argument that Hill should have known of the seizure and cannot satisfy §983(e)(1)(B), the Court credits Hill's argument that he could not have known whether Burlington Police Department or the federal government ultimately took possession of the currency (Doc. 249 at 2). Hill's argument is supported by Ms. Rashid's affidavit, which states that the currency was seized "by DEA Special Agents and Detectives from the Burlington Police Department." (Doc. 247-1 at 2). Although Hill knew the currency was seized, the issue is whether he knew or should have known of the seizure for purposes of filing a timely claim. Without knowing which law enforcement agency ultimately took possession, Hill could not have known where to file. Therefore, Hill's claim satisfies the second element of § 983(e).

II. <u>Motion for Return of Seized Property: May 7, 2012 Arrest</u>

On September 12, 2013, Hill moved for the return of the currency seized on May 7, 2012 ("May 2012 seizure"), plus interest (Doc. 225.) The Government does not oppose Hill's motion (Docs. 230 and 247 at 2.) The Government alleges in its October 2012 response that the Burlington Police Department is holding the currency (Doc. 230.) Therefore, Hill's motion for return of property seized on May 7, 2012 is GRANTED in part and DENIED in part. The Government shall make all reasonable efforts to effect the return of all currency[6] seized from Hill's person incident to the May 7, 2012 arrest. As for Hill's claim for prejudgment interest, even assuming the Government has constructive possession of the currency, the Government's sovereign immunity bars the Court from awarding prejudgment interest. *See United States v. Parcel of Property*, 337 F.3d 225, 235 (2d Cir. 2003). Therefore, Hill's claim for pre-judgment interest is DENIED.

<u>CONCLUSION</u>

For the reasons set forth above, Hill's motion for the

---

[6]The Government's Opposition to Hill's motion regarding the currency seized on February 13, 2012 suggests that law enforcement seized $1,572.00, not $1,100, during the May 7, 2012 arrest (Doc. 247 at 2). Regardless of the amount, Hill is entitled to all currency seized on May 7, 2012.

15

return of seized property ($2200) (Docs. 222 and 233) is DENIED, and the motion for the return of seized property ($1100)(Doc. 225) is GRANTED in part and DENIED in part. With respect to the motion to set aside a declaration of forfeiture (Doc. 249), the parties shall file supplemental briefing with supporting affidavits within thirty (30) days of the date of this Order.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 12th of March, 2014.

/s/ William K. Sessions III
William K. Sessions III
Judge, United States District Court